## MERRILL *v.* PEASLEE.

In an action for slander, the words must be proved substantially as laid; but omissions, and additions, not affecting the sense, are not substantial variances.

Acts or words of the defendant may be given in evidence to show malice in speaking the words charged.

CASE for slander. The first count charged the defendant with speaking the words, "What will Merrill do next? Kimball has had his barn burnt, and Hoit will have his burnt within a fortnight. We know persons about here bad enough to do this;" meaning the plaintiff, &c. The second count charged the words, "It is my opinion that William Merrill set fire to Kimball's barn."

Plea, the general issue.

To support the declaration the plaintiff introduced David Flanders, who testified that sometime in Sept. 1843, in conversation with him, the defendant inquired, "What do you suppose Merrill will do next? I suppose you have heard that Kimball has had his barn burnt." Flanders replied that he had. The defendant then said, "Hoit would have his burnt in a fortnight." Flanders said he was sorry to think that we had any about, bad enough to burn buildings; to which the defendant replied, "there was no doubt but that we had." The plaintiff introduced Philip Whittier, who testified that in September, 1843, he had conversation with the defendant in relation to the barn that had been burnt, and the defendant said, "It is my opinion that Merrill burnt Kimball's barn."

The plaintiff also introduced Asa Whittier, who testified that in the Fall of 1843 he was at work for Kimball, and that the defendant was at work with him; that they had considerable conversation about a suit between Merrill and the mother of the defendant, and in the conversa-

tion the defendant said, "some think that the one who stole the horse in Salisbury at the time the barn was burnt, burnt the barn; "that he, the defendant, went to see the man whose horse was stolen, and to see if he could find out any thing about the barn being burnt, and said further, "I think it is some one nearer home. Mr. William Merrill does not live a great way off, and I do not think any better of Merrill than to do it."

The plaintiff further introduced the testimony of Aaron Whittier, who said that in the Fall of 1843 he had a conversation with the defendant about the case of Merrill against the defendant's mother, in which the defendant said, if Merrill had taken a different course he would have got more pay, or got it sooner; and immediately added, "About that barn."

The plaintiff offered testimony to show malice, and the intention of the defendant in using the words alleged in the suit.

The defendant objected to this testimony as being inadmissible; but the same was received. He also insisted that the rest of the testimony did not prove the speaking of the words as stated in the declaration, but the case was submitted to the jury, who returned a verdict in favor of the plaintiff.

The defendant moved that the verdict be set aside, and for a new trial, because the evidence offered did not sustain the declaration; and because evidence that did not sustain the declaration, or either count thereof, was permitted to go to the jury without the jury being cautioned not to give damages for the same.

*Emery,* for the defendant, cited 2 Stark. 93; 2 Camp. 72; 7 Johns. 207; 8 Wend. Rep. 609; 3 C. & P. 311; 1 Camp. 49.

*Tuck,* for the plaintiff, cited 1 Stark. Ev. 465; 1 Phill.

Ev. 107; 1 Esp. N. P. 520; 3 Pick. 376; 7 Johns. 264; 11 N. H. Rep. 127.

GILCHRIST, J.    An objection is taken to the verdict that the words proved are different from those alleged in the declaration.    The elements of the law on this subject were laid down by *Holt*, C. J., in *Queen* v. *Drake*, 3 Salk. 224.    There is a difference between words spoken and written.    Of the former, there could not be a tenor, for want of an original to compare them with; and therefore, where one declares for words spoken, variance in the omission or addition of a word is not material, if so many of the words be proved and found as are of themselves actionable; so that, although in an action for words it is in general necessary that the evidence conform to the declaration, there is a limit to the strictness required.

The words charged, were, "What will Merrill do next? Kimball has had his barn burned, and Hoit will have his burnt within a fortnight.    We have persons about here bad enough to do this."    The words proved appear to be so nearly the same, that it is impossible to attach to them any other meaning than that which is conveyed by those alleged.    "What do you suppose Merrill will do next?    I suppose you have heard that Kimball has had his barn burnt.    Hoit will have his burnt in a fortnight."    Then, in reply to Flanders' remark, that he was sorry that we had any body about bad enough to burn buildings, the defendant said that there was no doubt but that we had.

In the second count the words charged were the same as proved, except that the words, "set fire to," are the words charged, and "burnt" is the word proved.    We are not aware of any rule of law or any reason that should hold a party to greater strictness in his proof in such cases.    In the words of Lord *Holt*, in the case referred, to " words are transient, and vanish in the air as

soon as spoken, and there can be no tenor of them, and therefore an identity is not required."

As to the other exception, the rule is stated in *Chesley* v. *Chesley*, 10 N. H. Rep. 330, to be, that evidence of actionable words, not stated in the declaration, may be admitted to show the malice of the defendant, in uttering the words upon which the action is founded. This is in conformity with the doctrine of *Rastell* v. *Macquister*, 1 Camp. N. P. 49, note, in which Lord *Ellenborough* said, " You may give in evidence any words as well as any act of the defendant to show, *quo animo*, he spoke the words which are the subject of the action." Cases are there cited to the same effect.

Undoubtedly, damages could not in strictness have been given for these words; but as the malice was a material part of the plaintiff's case, it would be absurd to say that the *quantum* of damages should not be affected by such evidence, introduced to prove it.

The exceptions must, therefore, be overruled, and there must be

*Judgment on the verdict.*